IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| TIFFANY LASHEA BELL, #212 792 | * | |
| Plaintiff, | * | |
| v. | * | 2:11-CV-300-TMH (WO) |
| BEVERLY CROSKEY, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Plaintiff, a state inmate, complains that Defendants failed to afford her sufficient protection from the conduct and/or actions of another inmate. Plaintiff names as Defendants Officer Beverly Croskey, Warden Frank Albright, Assistant Warden Karla Jones, and inmate Billy Limpscomb. Plaintiff seeks injunctive relief. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

**I. FACTS**

On January 25, 2011 prison personnel escorted inmate Billy Limpscomb from her cell to the shower area. Shortly after inmate Limpscomb was told to begin her shower, another

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

inmate warned Plaintiff to "Watch out!" as inmate Limpscomb approached her cell and proceeded to throw urine on her. Plaintiff immediately began shouting for a correctional officer. Defendant Croskey was on post but Plaintiff complains she yelled for ten minutes before the guard stopped in the hallway. Plaintiff informed Defendant Croskey of inmate Limpscomb's action but, Plaintiff complains, the officer simply looked at her and then walked away.[2] When two other correctional guards appeared on the hallway, Plaintiff advised them of the incident with inmate Lipscomb who was then placed in her cell. Defendant Croskey later returned to the hallway at which time Plaintiff told the officer she acted improperly by ignoring her request for help. Plaintiff contends that Defendant Croskey stated she had not seen anything and then began laughing with inmate Limpscomb and making comments about the incident. (*Doc. No. 1 at pgs. 3-5*.)

## II. DISCUSSION

*A. The Failure to Protect Claim*

Prison officials have a duty not to disregard a known risk to inmate safety. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Brown v. Hughes*, 894 F.2d 1533 (11th Cir. 1990). In a prison setting, the court is mindful that confrontations among inmates are a daily occurrence as prisoners engage in an unending struggle for position and power among the incarcerated.

---

[2]According to the complaint, after Defendant Croskey left the hallway, Plaintiff informed another guard of the incident with inmate Limpscomb. That guard left the hallway to retrieve a key from Defendant Croskey. Before the correctional officer returned, Plaintiff threw ice water at inmate Limpscomb as the she approached Plaintiff's cell. Inmate Limpscomb then threw water from an ice cooler at Plaintiff. (*Doc. No. 1 at pgs. 3-4*.)

According to the factual allegations contained in the present complaint, Plaintiff was unexpectedly showered with urine by inmate Lipscomb. The facts alleged in the complaint reflect that the incident in question was spontaneous thereby discharging the Eighth Amendment duty to protect Plaintiff under the facts presented in the instant complaint as Plaintiff has not demonstrated Defendants' deliberate indifference. Plaintiff, therefore, fails to state a claim against Defendants under the Eighth Amendment with regard to the January 25, 2011 incident. Furthermore, any claim that prison officials should have done more under the facts presented goes beyond the constitutional imperative against ignoring a potential threat and amounts only to a claim that prison staff were negligent. Negligence, however, is not actionable in a complaint filed under 42 U.S.C. § 1983. Plaintiff's failure to protect claim against the named correctional defendants is, therefore, due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). *Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *McGill v. Duckworth,* 944 F.2d 344, 349 (7th Cir. 1991); *overruled in part on other grounds by Farmer*, 511 U.S. 825; *Daniels v. Williams*, 474 U.S. 327 (1986); *Neitzke v. Williams*, 490 U.S. 319 (1989).

B. *Inmate Billy Limpscomb*

Plaintiff names fellow inmate Billy Limpscomb as a defendant. An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University*

*Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "*both* an alleged constitutional deprivation . . . *and* that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.' " *American Manufacturers*, 526 U.S. at 50 (emphasis in original) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Because inmates do not act under color of state law nor may they be considered state actors, Plaintiff's claim against inmate Limpscomb is frivolous and due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke*, 490 U.S. at 327.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **June 8, 2011**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 9th day of May 2011.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE