IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| TIFFANY LASHEA BELL, #212 792 | * | |
| Plaintiff, | * | |
| v. | * | 2:11-CV-300-TMH |
| | | (WO) |
| BEVERLY CROSKEY, *et al.*, | * | |
| Defendants. | * | |

_____

**SUPPLEMENTAL RECOMMENDATION OF THE MAGISTRATE JUDGE**

On May 9, 2011 the undersigned entered a Recommendation that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff filed objections to the Recommendation on May 16, 2011. Upon thorough review of this pleading, the court concludes that Plaintiff's objections are without merit. However, in the interest of justice, the court deems it appropriate to supplement its previous Recommendation in light of the contentions raised by Plaintiff in her objections.

In the May 9 Recommendation of the Magistrate Judge, the court recommended dismissal of the instant 42 U.S.C. § 1983 action in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B). Specifically, the court determined that Plaintiff's failure to protect claim against the named correctional defendants is subject to dismissal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i-ii). The court also concluded that Plaintiff's claim against inmate Limpscomb is frivolous and due to be dismissed pursuant to the

provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

In her objections, Plaintiff argues that she filed her complaint due to the manner in which Defendants mistreated her after inmate Billy Limpscomb threw urine on her. Plaintiff contends that on a segregation unit where inmates are supposed to be observed "24/7," she should not have had to wait so long for a guard to arrive on the unit after the urine throwing incident, claims that Defendant Croskey acted inappropriately when she walked away from the unit even though she had seen and heard what had happened to Plaintiff, and questions why Officer Croskey was not punished for failing to comply with procedure when she left the scene as though nothing had happened and joked about the incident with the other named defendants. (*Doc. No. 11*.)

## I. DISCUSSION

"[P]rison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan,* 511 U.S. 825, 833 (1994) (citations omitted). Not every instance of inmate on inmate violence, however, "translates into a constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. A violation occurs "when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk." *Marsh v. Butler County,* 268 F.3d 1014, 1028 (11th Cir. 2001) (*en banc*). As explained in the May 9 Recommendation, the court found that Plaintiff's failure to protect claim is subject to dismissal because, based on the facts alleged in the complaint, the incident in question was spontaneous thereby

discharging Defendants' Eighth Amendment duty to protect Plaintiff.

Plaintiff contends in her objections that Defendant Croskey violated prison regulations by not assisting her immediately after inmate Limpscomb threw urine on her. Such claim, however, entitles Plaintiff to no relief. Assuming, for the sake of argument, that there was some deviation from standard operating procedures and/or agency regulations by Defendant Croskey in the aftermath of the incident between Plaintiff and inmate Limpscomb, Plaintiff has failed to allege much less indicate that such conduct is tantamount to a due process violation. Further, not every deviation from an agency's rules is violative of the Constitution. *Smith v. State of Georgia*, 684 F.2d 729 (11th Cir. 1982); *see also Harris v. Birmingham Board of Education*, 817 F.2d 1525 (11th Cir. 1987); *Ka Fung Chan v. Immigration & Naturalization Service*, 634 F.2d 248 (5th Cir. 1981).

To the extent Plaintiff challenges the actions of Defendants where, in regard to the situation with inmate Limpscomb, they responded by laughing at Plaintiff, trivializing the incident, and/or failing to respond more appropriately, such allegations likewise entitle her to no relief. Any insensitivity, unprofessionalism, and/or disrespect displayed by Defendants' in response to inmate Limpscomb's actions towards Plaintiff, while not to be condoned, is not, under the circumstances presented, conduct that amounts to a constitutional violation. Additionally, the law is settled that verbal harassment and abuse and mere threatening language and gestures of a custodial officer do not amount to a constitutional violation. *McFadden v. Lucas*, 713 F.3d 143, 146 (5th Cir. 1983); *Johnson v. Glick*, 481 F.2d

1028, 1033 (2nd Cir. 1973); *Evans v. City of Zebulon, GA,* 351 F.3d 485, 495-496 (11th Cir. 2003) (verbal taunts by other inmates or government officials do not violate constitutional rights), *vacated on other grounds, rehearing en banc* 407 F.3d 1272 (11th Cir. 2005); *Bender v. Brumley,* 1 F.3d 271, 274 n. 4 (5th Cir. 1993) (mere allegations of verbal abuse do not present actionable Section 1983 claim). Consequently, the conduct and remarks Plaintiff attributes to Defendants will not support a claim of violation of her constitutional rights.

In light of the foregoing, it is

ORDERED that Plaintiff's May 16, 2011 objection, construed to contain a motion to amend the complaint to add due process and verbal abuse/harassment claims (*see Doc. No. 11*), be and is hereby GRANTED.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The May 9, 2011 Recommendation of the Magistrate Judge (*Doc. No. 10*) be ADOPTED;

2. Plaintiff's due process and verbal abuse/harassment claims, as discussed herein, be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) prior to service of process;

It is further ORDERED that on or before **June 9, 2011** the parties are DIRECTED to file any objections to the Supplemental Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Supplemental Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered

by the District Court. The parties are advised that this Supplemental Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 26th day of May 2011.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE